**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF NEW YORK**

---

**MARC HULBERT,**

                    **Plaintiff,**　　　　　　Civil Action No.

-against-　　　　　　　　　　　　　　　　　　COMPLAINT

**VIKING CLIENT SERVICES, INC.,**

                    **Defendant.**

---

**I.　INTRODUCTION**

1.　This is an action for damages brought by an individual consumer for the violation by Defendant of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, *et seq.*, (hereinafter "FDCPA"), which prohibits debt collectors from engaging in abusive, deceptive and unfair practices.  The debt sought to be collected by Defendant was an alleged consumer credit debt of Marc Hulbert to pay money arising out of a transaction in which the money, property, insurance or services which were the subject of the transaction were primarily for personal, family, or household purposes.

**II.　JURISDICTION AND VENUE**

2.　Jurisdiction of this Court arises under 15 U.S.C. § 1692k(d) and 28 U.S.C. § 1331.  Venue in this District is proper in that the Defendant transacts business here and the conduct complained of occurred here.

**III.　PARTIES**

3.　Plaintiff Marc Hulbert (hereinafter called "Hulbert") is a natural person residing in the County of Monroe, State of New York.

4.　Upon information and belief, Defendant Viking Client Services, Inc. (hereinafter called "Viking") is a foreign corporation organized under the laws of

Minnesota engaged in the business of collecting debts in New York State and elsewhere and is authorized to do business in this state, and has a principal place of business at 7500 Office Ridge Circle, Suite 100, Eden Prairie, Minnesota 55344.

5. Viking is a debt collector as defined by FDCPA, 15 U.S.C. § 1692a(6), as a person who uses one or more instrumentalities of interstate commerce or the mails in any business the principal purpose of which is the collection of any debts, and also who regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due another.

6. Hulbert qualifies for purposes of this action as an individual consumer pursuant to the FDCPA, i.e., a natural person allegedly obligated to pay any debt.

**IV. FACTUAL ALLEGATIONS**

7. Hulbert is employed by Pittsford Central School District, Pittsford, New York, as a District Mechanic. Pittsford School District telephone number 585-267-1051 is the number for a telephone located at Hulbert's place of work. Hulbert's supervisor does not permit collection calls to be made to that number.

8. According to Viking collection letters from Delmar Gjerdahl dated on or about April 18, 2016 and on or about May 26, 2016 received by Hulbert, Hulbert is allegedly liable to Icon Equities, LLC, the current creditor, on what was allegedly originally a Citibank, NA account, for $9430.72. Further, the letters state that the Viking contact number is 800-818-4821. (Hulbert denies that he is indebted to Icon Equities, LLC).

9. On or about June 8, 2016, Caller ID for Pittsford Central School District telephone number, 585-267-1051, indicated that a call was received from 800-818-4821,

but no message was left.  As stated above, Hulbert's supervisor did not allow collection calls to be made on that number.

10.   On or about June 21, 2016, Caller ID Pittsford Central School District telephone number, 585-267-1051, indicated that a call was received from 800-818-4821, but no message was left.

11.   On or about July 6, 2016, Delmar Gjerdahl, a debt collector working on behalf of Viking, left a message for Hulbert on Pittsford Central School District telephone number, 585-267-1051.  Tom Gill and/or Mike Miceli, co-workers of Hulbert who have access to that number, heard the message and conveyed the information to Hulbert.  In the message Mr. Gjerdahl left his name and told Hulbert to call him back on 800-818-4821.

12.   Hulbert never consented to Delmar Gjerdahl calling him at 585-267-1051.

13.   On or about July 19, 2016, Delmar Gjerdahl, working on behalf of Viking, again left a message for Hulbert on telephone number 585-267-1051 in which he left his name and told Hulbert to call him back on 800-818-4821.  Tom Gill and/or Mike Miceli heard the messge and conveyed the information to Hulbert.

14.   On or about July 29, 2016, Hulbert answered a call from Delmar Gjerdahl of Viking at telephone number 585-267-1051.   Hulbert told Gjerdahl not to call him at the number, which Gjerdahl knew was a work number, and which Hulbert identified as a number at his place of work.  Hulbert gave his cell phone number to Mr. Gjerdahl.

15.   Despite Hulbert's admonition to Gjerdahl not to call him at 585-267-1051, Gjerdahl called the number again on or about September 6, 2016, and left a message for Hulbert to call him back.  Tom Gill and/or Mike Miceli heard the message and conveyed

the information to Hulbert.

16. Again, on or about September 13, 2016, despite Hulbert's unequivocal warning to Gjerdahl not to call 585-267-1051, Gjerdahl again called the number. On this date, Hulbert spoke to Gjerdahl and again told him not to call him at 585-267-1051.

17. Upon information and belief, Delmar Gjerdahl made additional calls to 585-267-1051 after September 13, 2016.

18. As a result of Gjerdal's repeated calls to 585-267-1051, Hulbert has suffered anxiety, emotional distress, worry, nervousness, and sleepless nights. Since Hulbert holds a position at the Pittsford Central School District, he has to pass a background check every 6 months, and what occurs in his personal life can cause him to lose his job. Not only that, but he has a pension to protect as well.

19. The April 18, 2016 collection letter mentioned above made a deceptive offer as to an unsophisticated consumer to settle the alleged Hulbert account. The letter stated in part: "Icon Equities, LLC [the alleged current creditor] has authorized us [Viking] to extend an offer to you to resolve your account for 60% of the current amount due. You can accept this offer by sending in a payment within 30 days from the date of this letter."

20. However, although the letter set forth an "Account Balance" of "$9,430.72", there was no indication that the "Account Balance" was the same amount as "the current amount due" (which presumably could possibly include interest and fees or other charges) on which the 60% would be figured. The letter failed to indicate whether or not additional interest or other charges would be added to the Account Balance to determine the "current amount due" when payment was actually made. There was no basis set forth in the letter for Hulbert, or for that matter anyone else, to assume that "Account Balance"

4

equals "current amount due," and he should have been informed of the exact dollar amount needed to settle, and advised how the "current amount due" was calculated. Viking deceptively failed to state what the exact dollar amount would be to settle, instead leaving Hulbert to guess what amount he would take 60% of to determine the actual dollar amount of the settlement offer.  An unsophisticated consumer clearly would not be able to determine the actual dollar amount of the settlement offer.

21. Further, the letter went on to state: "Upon completion of the settlement your account will be considered settled with Viking Client Services, Inc. and we will notify our client Icon Equities, LLC."  This represents further deception on the part of Viking. Any reasonable consumer would clearly want to settle the account with the alleged current creditor, Icon Equities, LLC.  Just because Viking would consider the account settled with itself has no bearing on whether Icon Equities, LLC would consider the account settled.  Instead, Viking stated that paying the settlement amount would only result in the account being considered settled with Viking, not necessarily the actual creditor, Icon Equity, LLC.  Again, this would clearly be deceptive to the unsophisticated consumer, who might erroneously believe that just because Viking considered the account settled, then Icon Equity, LLC would consider the account settled when the language the letter said no such thing.

**V.  CLAIM FOR RELIEF**

22. Hulbert repeats and realleges and incorporates by reference the above paragraphs of the Complaint.

23. Viking knew or should have known that Pittsford Central School District telephone number, 585-267-1051, was a telephone number at Hulbert's work place.

24. Viking repeatedly called the number at Hulbert's work place.

25. By leaving messages heard by third parties Mike Miceli and Tom Gill, co-workers of Hulbert, in regard to an alleged consumer debt owed by Hulbert, Delmar Gjerdahl on behalf of Viking violated 15 U.S.C. § 1692c (b), which states as follows:

> (b) Communication with third parties
> Except as provided in section 1692b of this title, without the prior consent of the consumer given directly to the debt collector, or the express permission of a court of competent jurisdiction, or as reasonably necessary to effectuate a postjudgment juridical remedy, a debt collector may not communicate in connection with the collection of any debt, with any person other than the consumer, his attorney, a consumer reporting agency if otherwise permitted by law, the creditor, the attorney for the creditor, or the attorney of the debt collector.

26. The repeated communications by Delmar Gjerdahl on behalf of Viking to the school number heard by Mike Miceli and Tom Gill were not within the exception provided in 15 U.S.C. § 1692b for acquiring location information.

27. The repeated communications by Delmar Gjerdahl on behalf of Viking heard by Mike Miceli and Tom Gill violated 15 U.S.C. § 1692b (1) because Delmar Gjerdahl failed to state that he was confirming or correcting location information concerning the consumer, and made the communications repeatedly.

28. Hulbert never gave consent to Viking to communicate with Mike Miceli or Tom Gill.

29. Upon information and belief, the messages left by Delmar Gjerdahl on behalf of Viking violated 15 U.S.C. § 1692e (11) because they failed to disclose that the communication was from a debt collector.

30. Delmar Gjerdahl on behalf of Viking violated 15 U.S.C. § 1692c (a)(3) by communicating with Hulbert at Hulbert's place of work by telephone at 585-267-1051 after Hulbert told him not to call him at that number.

31. Viking violated 15 U.S.C. § 1692e by deceptively stating in the collection letter of April 18, 2016, the amount it would accept to settle the debt.

32. Viking additionally violated 15 U.S.C. § 1692e by indicating that upon the payment of the settlement amount, Viking as the debt collector would consider the account settled, but failing to state that the actual alleged creditor, Icon Equities, LLC, would consider the account settled.

33. As a result of the violations of 15 U.S.C. §§ 1692c and 1692e by Viking, Hulbert is entitled to actual damages, statutory damages, attorney fees, and costs and disbursements of this action.

**WHEREFORE**, Plaintiff respectfully prays that judgment be entered against the Defendant for the following:

A. Actual damages in an amount to be determined at trial.

B. Statutory damages of $1,000.00 pursuant to 15 U.S.C. § 1692k.

C. Costs and reasonable attorney fees pursuant to 15 U.S.C. § 1692k.

E. For such other and further relief as may be just and proper.

### *DEMAND FOR JURY TRIAL*

Please take notice that Plaintiff demands trial by jury in this action.

Dated: January 3, 2017

                                            Respectfully submitted,

                                            s/David M. Kaplan
                                            David M. Kaplan
                                            Attorney for Plaintiff
                                            401 Penbrooke Dr., Bldg. 2, Ste. B
                                            Penfield, NY 14526
                                            585-330-2222
                                            dmkaplan@rochester.rr.com